## SAMUEL MEYERS v. W. SCOTT HOPKINS.

PROBATE COURT MAY APPORTION COMMISSIONS BETWEEN COEXECUTORS WHEN THEIR ACCOUNTS NOT SETTLED.

The probate court, not having settled the accounts of the two executors of an estate, has jurisdiction under Rev. Stat. 524 (Lan. 803), to apportion their statutory commissions in accordance with the services performed by each.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**A. E. Moore,** for plaintiff.
**Powell & Smiley,** for defendant.

**GIFFEN, J.**

This case arose in the probate court upon a motion by one executor to require his coexecutor to pay to him one-half of the statutory commissions allowed for performing the services of executor. Upon a hearing of the motion, the commissions apportioned were two-fifths to the applicant and three-fifths to his coexecutor, and upon appeal a like determination was had in the common pleas court.

It is now claimed that the court had no jurisdiction of the subject-matter, that the applicant was entitled to no part of the commission for the reason that he renounced all claim in favor of his coexecutor and performed none of the services.

Revised Statutes 524 (Lan. 803), provides that—

"The probate court shall have exclusive jurisdiction * * * to direct and control the conduct and to settle the accounts of executors and administrators, and to order the distribution of estates."

The accounts here referred to are manifestly those existing between the estate on the one hand, and the executors or administrators on the other, and if the court has once settled such accounts, it would probably have no jurisdiction to entertain a motion to ascertain or determine the proportionate amount of the statutory commissions due to each executor where there are two or more. This is the extent of the holding of the court in the case of *Wickersham's Appeal,* 64 Pa. St. 67, and the case of *Mount v. Slack,* 39 N. J. Eq. 230, relied upon by counsel for plaintiff

Meyers v. Hopkins.

in error. Indeed, the judge delivering the opinion in the former case says, at page 69:

"I will not say that the Orphans' Court might not apportion the commissions allowed between coexecutors and administrators; but if it be not done, and one receives all, the remedy of the other is in the common law courts on the implied assumpsit raised by the possession of the money."

Revised Statutes 6188 (Lan. 9730), provides that executors and administrators may be allowed specified commission upon the amount of the personal estate collected and accounted for by them. If one of two executors collected and accounted for none of the personal estate, and performed no other services required under the statute as such executor, it certainly will not be claimed that the court could not in such case allow all the commissions to the executor performing the services, and it seems no less reasonable for the court to apportion the commissions in accordance with the services performed by each executor respectively.

We are of opinion, therefore, that the court not having already settled the account of the executors, had jurisdiction to entertain the motion to apportion the statutory commissions in accordance with the service performed by each.

The evidence upon the other question as to whether the executor making the motion renounced all claim to statutory commissions or performed no services, is not such as to authorize this court to interfere on the ground that the judgment is against the weight of the testimony.

Judgment will be affirmed.

**Jelke** and **Swing, JJ.,** concur.